UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEHROUZ KAZEMI,<br><br>                  Plaintiff,<br>    v.<br><br>KATHERINE WERTIN, et al.,<br><br>                  Defendants. | CASE NO. C19-1659JLR<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |

## I. INTRODUCTION

Before the court is Defendant United States of America's ("the Government" or "the United States") Federal Rule of Civil Procedure 12(b)(1) motion to dismiss Plaintiff Behrouz Kazemi's complaint for lack of subject matter jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. (*See* MTD (Dkt. # 5); *see also* Compl. (Dkt. # 1-1).) Mr. Kazemi did not file a response to the Government's motion. (*See generally* Dkt.) The court has reviewed the motion, relevant portions of the record,

//

and the applicable law. Being fully advised,[1] the court GRANTS the Government's motion and DISMISSES Mr. Kazemi's complaint WITHOUT PREJUDICE.

## II. BACKGROUND

On or about May 23, 2019, Mr. Kazemi filed a complaint in King County Superior Court. (*See generally* Compl.) In his complaint, Mr. Kazemi alleges that he suffered injuries and incurred damages on May 30, 2016, following a medical appointment with Dr. Katherine Wertin at HealthPoint, which is a federally supported health center. (*See generally id.* ¶¶ 6.1-6.7.) Specifically, Mr. Kazemi alleges that he was misdiagnosed with a serious heart condition and prescribed medication. (*See generally id.*) Prior to filing his complaint, Mr. Kazemi did not file an administrative claim with the United States Department of Health and Human Services ("the Department"). (Torres Decl. (Dkt. # 7) ¶¶ 2-4.)

On October 16, 2019, the Government removed Mr. Kazemi's complaint to federal court. (*See* Notice of Removal (Dkt. # 1).) The next day, the Government certified that Dr. Wertin and HealthPoint, and its employees, "are federal employees acting within the scope of employment for purposes of coverage under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233." (*See* Notice of Sub. (Dkt. # 2) at 1-2; *see also* Torres Decl. ¶¶ 5-6).) Pursuant to that certification, the

//

---

[1] Mr. Kazemi did not file a response to the Government's motion (*see generally* Dkt.), and the Government has not requested oral argument (*see* MTD at 1). The court does not consider oral argument to be helpful to its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

Government substituted itself for Healthpoint and Dr. Wertin as the defendant in this action. (*Id.* (citing 28 U.S.C. §§ 2679(b), (d)(1)).)

On October 22, 2019, the Government filed its present motion to dismiss for lack of subject matter jurisdiction. (*See* MTD.) Mr. Kazemi failed to respond to the Government's motion. (*See generally* Dkt.) The court now considers the Government's motion.

### III. ANALYSIS

**A.    Standards for a Rule 12(b)(1) Motion to Dismiss**

Subject matter jurisdiction is a threshold issue that goes to the court's power to hear a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, the challenger asserts that the allegations of the complaint are insufficient on their face to invoke the jurisdiction of the court. *See id.* However, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage*, 343 F.3d at 1039 n.2).

**B.   The Court Lacks Subject Matter Jurisdiction Because Mr. Kazemi Failed to File an Administrative Claim**

The United States is immune from suit unless it consents to be sued.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).  Any waiver of immunity is strictly construed in favor of the United States. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992).  The FTCA is a limited waiver of sovereign immunity that permits plaintiffs to bring claims against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).

As a jurisdictional prerequisite, an FTCA claim may only be instituted after the Government denies an administrative claim, either actually or constructively by failing to act upon the claim within six months.  *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  "The requirement of an administrative claim is jurisdictional."  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  "Because the requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity."  *Id.* (internal citation and quotation omitted).

The Government provides competent evidence that Mr. Kazemi did not present an administrative claim to the Department prior to filing suit in King County Superior Court. (*See* Torres Decl. ¶¶ 2-4.)  Mr. Kazemi provides no response to the Government's evidence.  (*See generally* Dkt.)  Thus, the court concludes that because Mr. Kazemi did

not "first present the claim to" the relevant federal agency and allow the agency to make a final disposition of his claim, he failed to exhaust his administrative remedies as required under 28 U.S.C. § 2675(a). As a result, the United States has not waived its sovereign immunity, and this court lacks subject matter jurisdiction over Mr. Kazemi's complaint. The court grants the Government's motion and dismisses Mr. Kazemi's complaint without prejudice.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS the Government's motion to dismiss Mr. Kazemi's complaint for lack of subject matter jurisdiction (Dkt. # 5) and DISMISSES his complaint WITHOUT PREJUDICE.

Dated this 14th day of January, 2020.

JAMES L. ROBART
United States District Judge